# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00512-JHM

PAMELA HECKMAN                                                      PLAINTIFF

V.

CABELA'S WHOLESALE, INC.                                 DEFENDANT
D/B/A CABELA'S

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Pamela Heckman, to remand this action to the Jefferson Circuit Court [DN 10]. This matter is ripe for decision.

## I. BACKGROUND

According to the complaint, Plaintiff Heckman, a 60 year-old woman, was employed by Cabela's as a systems trainer. (Pl.'s Compl. [DN 1-2] ¶ 7.) Heckman brought the present action against Cabela's in Jefferson Circuit Court, asserting claims of age discrimination and constructive discharge under the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.* (*id.* ¶ 15–27) and fraud (*id.* ¶ 28-31). Cabela's removed the action to this Court, and Heckman has now moved to remand the case to state court on the basis that the amount in controversy is less than the $75,000 threshold required to meet this Court's jurisdictional requirement for diversity cases. In support of this argument, Heckman submitted an affidavit and binding stipulation that she "will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages, and attorney's fees, exclusive of interest and costs." [DN 10-1.]

## II. DISCUSSION

### A. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court

of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Cabela's removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

### B. ANALYSIS

It is undisputed that the parties are diverse and that Heckman has stipulated that the amount in controversy does not exceed $75,000. Therefore, the principal issue is whether this stipulation is sufficient for the Court to remand Heckman's action to Jefferson Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (citations and quotations omitted); *see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); *Proctor v. Swifty Oil Co.*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. "However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the

amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3) (emphasis in original). Therefore, a plaintiff may submit a stipulation that will destroy the amount in controversy requirement for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand. *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)); *Agri-Power,* 2013 WL 3280244, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks, nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. *Agri-Power*, 2013 WL 3280244, at *3 (emphasis added).[1]

Heckman's stipulation in this case meets this standard. Heckman used language nearly identical to that found in the aforementioned cases, as she states that she "will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages, and attorney's fees, exclusive of interest and costs." [DN 10-1.] *See Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, at *2–*3 (W.D. Ky. Dec. 15, 2015) (Court lacked jurisdiction when plaintiff stipulated that she "will neither seek nor accept damages in excess of $75,000"). Furthermore, Heckman, as did the plaintiff in *Leavell*, took great pains to notify the Court that she believes that her stipulation is both unequivocal and binding, stating in relevant part: "I further understand that this Affidavit and Binding Stipulation constitutes a waiver of any rights I

---

[1] Defendant's reliance on *Blocker v. PPG Indus., Inc.*, 2017 WL 3431136, at *2 (W.D. Ky. Aug. 9, 2017), is misplaced. In contrast to the present case, the plaintiff in *Blocker* alleged in her complaint that each of her claims sought up to $75,000. *Id.* at *1. The district court in *Blocker* held that because plaintiff's stipulation was not the first statement of the amount in controversy, it could not be considered a clarification of the damages she sought rather than a reduction as in the cases cited above. *Id.*

may have to seek and/or accept damages in excess of the amount stated in paragraph 2." [DN 10-1.]

Because the stipulation effectively limits the amount in controversy to a sum below $75,000 and is both unequivocal and binding, the Court finds Heckman's stipulation to be valid and enforceable. Therefore, this action will be remanded to the Jefferson Circuit Court.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that motion by Plaintiff, Pamela Heckman, to remand this action to the Jefferson Circuit Court [DN 10] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record
    Jefferson Circuit Court

December 21, 2017